FILED
FEBRUARY 29, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENSINGTON RESEARCH & RECOVERY INC., | ) ) ) | **08 C 1250** |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. |
| UNITED STATES OF AMERICA, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD), | ) ) ) ) ) | **JUDGE GOTTSCHALL** **MAGISTRATE JUDGE ASHMAN** |
| Defendant. | ) | |

### VERIFIED COMPLAINT

Plaintiff Kensington Research & Recovery Inc., by and through its attorneys, Raymond E. Rossi and Bishop, Rossi & LaForte, Ltd., brings this action pursuant to the Freedom of Information Act, 5 USCA § 552, to enjoin the United States of America, Department of Housing and Urban Development (HUD) from withholding certain agency records requested pursuant to the Freedom of Information Act, to order production of those records forthwith and for other relief. In support of its Complaint, Plaintiff states as follows:

#### (The Parties)

1. Plaintiff Kensington Research & Recovery Inc. is the requestor of agency records that have been alleged to be improperly withheld. Plaintiff is an Illinois corporation with its principal place of business at 208 S. LaSalle St., Suite 1702, Chicago, County of Cook, State of Illinois 60604.

2. The United States of America Department of Housing and Urban Development is an agency of the United States of America. Upon information and belief, HUD's mission, *inter alia*, is to increase access to affordable housing free from discrimination. See HUD's Mission Statement.

### (Jurisdiction and Venue)

3. This Honorable Court has subject matter jurisdiction pursuant to 28 USC § 1331 and 5 USC § 552(A)(4)(B) because this is an action to enforce a request under the Freedom of Information Act.

4. Venue is appropriate in this judicial district pursuant to 5 USC § 552(A)(4)(b) because Plaintiff is a resident of the Northern District of Illinois, Eastern Division, and has its principal place of business in the Northern District of Illinois, Eastern Division.

### (Plaintiff's Power of Attorney)

5. At all times relevant and as submitted to Defendant from the outset, Plaintiff has in its possession and control an original limited power of attorney signed by its client, Eileen Trentz, that expressly authorizes Plaintiff to "obtain records from the Department of Housing and Urban Development (including but not limited to Form HUD-27050-b) and ... to do such acts as may be necessary or desirable to collect a refund on [her] behalf." A copy of the limited power of attorney is attached hereto as Exhibit "A".

### (Plaintiff's FOIA Requests and Responses Thereto)

6. On December 22, 2006, Plaintiff submitted its FOIA request on behalf of its client, Eileen Trentz, and attaching the limited power of attorney, Exhibit "A". The December 22, 2006 communication from Plaintiff to Defendant requested that Defendant send the HUD-27050-b form

for Eileen Trentz to Plaintiff. A copy of the December 22, 2006 FOIA Request is attached hereto as Exhibit "B".

7. By letter dated April 30, 2007, Defendant denied the FOIA request under FOIA exemption 2, stating that:

> The release of this information would significantly risk circumvention of agency regulations or statutes or impede the effectiveness of an agency's law enforcement activities. It is HUD's policy to send forms HUD-27050-B only to homeowners....

A copy of the April 30, 2007 denial letter is attached hereto as Exhibit "C".

8. By letter dated May 29, 2007, Plaintiff appealed the denial of the FOIA request. A copy of the May 29, 2007 letter is attached hereto as Exhibit "D" and expressly incorporated by reference herein.

9. By letter dated October 11, 2007, Defendant remanded Plaintiff's request pursuant to FOIA to the FOIA division to either provide the requested copy of form HUD-27050-B for Plaintiff's client or to provide a legal basis to withhold the information. A copy of the October 11, 2007 letter is attached hereto as Exhibit "E".

10. By letter dated October 31, 2007, Defendant denied for the second time the FOIA request. A copy of the October 31, 2007 letter is attached hereto as Exhibit "F".

11. On November 30, 2007, Plaintiff appealed the second denial of its FOIA request. The November 30, 2007 letter from Plaintiff also attached all preceding relevant documents described above. Plaintiff also explained that the "content of the document requested is no relation to internal personnel rules and practices of HUD...[and the] mere fact that HUD-27050-B is distributed to and completed by homeowners, excludes it from Exemption 2." The November 30, 2007 letter from Plaintiff further contested that the document may be withheld because it is "related solely to the

internal personnel rules and practices of an agency." Finally, Plaintiff's November 30, 2007 letter points out that Defendant was in violation of FOIA through its delays in its response. A copy of the November 30, 2007 letter is attached hereto as Exhibit "G" and expressly incorporated by reference herein.

12. By letter dated January 8, 2008, a copy of which is attached hereto as Exhibit "H", the Defendant responded to Plaintiff's November 30, 2007 second FOIA appeal. The January 8, 2008 letter again denies Plaintiff access to the requested document.

13. Plaintiff Kensington has exhausted all necessary and required administrative remedies.

14. Defendant admits that it allows legal counsel to receive as a third-party requestor the completed HUD-27050-B form, but summarily states that except for legal counsel, the restriction on access to HUD-27050-B applies to all third-party requestors. See Exhibit "H."

15. Defendant fails to accept or recognize the express and specific grant of authority provided in the power of attorney, Exhibit "A".

WHEREFORE, the Plaintiff, Kensington Research & Recovery Inc., by and through its attorneys, Raymond E. Rossi and Bishop, Rossi & LaForte, Ltd., requests that this court enter an order:

A. Declaring the United States of America Department of Housing and Urban Development (HUD) to be in violation of its duty to disclose pursuant to the Freedom of Information Act;

B. Enjoining the United States of America Department of Housing and Urban Development (HUD) from withholding the agency record requested (form HUD-27050-B) requested pursuant to the Freedom of Information Act;

C. Requiring production of the improperly withheld agency records responsive to the December 22, 2006 initial request made pursuant to the Act forthwith;

D. Requiring HUD to interact with Plaintiff on the same basis HUD would for homeowner principals when Plaintiff submits a properly executed Power of Attorney, including but not limited to responding to Plaintiff's inquiries by email or telephone.

E. Requiring HUD to pay reasonable attorneys' fees and costs pursuant to 5 USC § 552(A)(4)(E); and

F. for such other relief as the Court deems just and appropriate.

KENSINGTON RESEARCH & RECOVERY INC.

By: /s/ Raymond E. Rossi
Raymond E. Rossi, one of its attorneys

Raymond E. Rossi, ARDC #3128164
George F. LaForte, Jr., ARDC #6231063
BISHOP, ROSSI & LAFORTE, LTD.
Two TransAm Plaza, Suite 200
Oakbrook Terrace, IL  60181
630.916.0123

STATE OF ILLINOIS  )
                   ) SS.
COUNTY OF  COOK    )

## VERIFICATION

Frank Dal Bello, being first duly sworn upon his oath, deposes and states that he is the authorized representative of Kensington Research & Recovery Inc. He verifies that the facts contained in the above and foregoing Verified Complaint are true and correct, based upon his knowledge, information and belief.

_____
Frank Dal Bello

SUBSCRIBED AND SWORN
to before me this 29 day of
February, 2008.

_____
Notary Public

"OFFICIAL SEAL"
Chad Rothrock
Notary Public, State of Illinois
My Commission Expires 05/13/2008

-6-