**08 C 1250**

**JUDGE GOTTSCHALL
MAGISTRATE JUDGE ASHMAN**

# EXHIBIT "E"


B p.1



U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, D.C. 20410-0500

OFFICE OF GENERAL COUNSEL

OCT 11 2007

William Livingston
Kensington Research & Recovery, Inc.
208 S. LaSalle Street #1702
Chicago, IL 60604

  Re: Freedom of Information Act Appeal
     FOIA Control No.: FI-460001

Dear Mr. Livingston:

  This letter responds to your Freedom of Information Act (FOIA) appeal dated May 29, 2007. By letter dated December 22, 2006, you submitted a FOIA request to the U.S. Department of Housing and Urban Development (HUD) on behalf of your client, Eileen Trentz. You asked to receive a copy of the HUD-27050-B concerning your client's property, which is a refund application for a HUD premium refund. By letter dated April 30, 2007, HUD denied your request based on FOIA Exemption 2 because it "is HUD's policy to send forms HUD-27050-B only to homeowners" and avoid "the possibility that the form could be misused" by third-party tracers or other outside parties.

  With your appeal letter, you submitted a copy of a Power of Attorney signed by your client, Eileen Trentz, that expressly authorizes your company to "obtain records from the Department of Housing and Urban Development (including but not limited to form HUD-27050-B) and ... to do such acts as may be necessary or desirable to collect a refund on [your client's] behalf." As this agreement demonstrates your company's existing representation of the homeowner to whose property the requested document relates, the record is unclear that the criteria for FOIA Exemption 2 have been established.

  FOIA Exemption 2 permits the withholding of records that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Two categories of information are covered by this exemption: 1) trivial internal matters, often referred to as Low 2 information; and, 2) more substantial internal matters, the disclosure of which would risk circumvention of a statute or regulation, often referred to as High 2 information. See Shiller v. NLRB, 964 F.2d 1205 (D.C. Cir. 1992) (discussing the applicability of low 2 and high 2). In its initial FOIA determination, the FOIA Division does not demonstrate how the requested document is "related solely to the internal personnel rules and practices of an agency," nor how it qualifies as "High 2 information" in that there is a law that may be circumvented if the requested form is provided. As the initial determination simply cites to existing HUD policy but does not state an adequate rationale behind finding FOIA Exemption 2 applicable, I am remanding your request to the FOIA Division so that it may have an opportunity to either provide you with the requested document or with a valid legal basis for withholding it.

EXHIBIT "E"



Accordingly, I am remanding your request to the FOIA Division for further processing in accordance with this decision. Additional questions regarding your FOIA request should be forwarded to Deidre Jenkins of the FOIA Division at (202) 402-2533.

Sincerely,

Linda M. Cruciani
Deputy General Counsel for Operations

cc: FOIA Division