**08 C 1250**

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE ASHMAN**

# EXHIBIT "G"

# Kensington Research & Recovery Inc.

208 S LaSalle St #1702
Chicago, IL 60604
Phone (312) 220-0009
Fax (312) 604-1966

November 30, 2007

U.S. Department of Housing and Urban Development
Freedom of Information Act Appeal
Assistant General Counsel for Procurement and Administrative Law
451 Seventh Street, SW, Room 10180
Washington, DC 20410-0500

RE: Freedom of Information Act Request
FOIA Control No.: FI-460001

To Whom It May Concern:

This letter is a response to the determinations made regarding FOIA request # FI-460001. The following documents are attached in reverse chronological order (and are labeled with the corresponding letter):
    A. The most recent denial by the FOIA Division
    B. The Appeal Decision
    C. Kensington's FOIA appeal
    D. Original FOIA Division Denial
    E. FOIA Division request for additional time
    F. Kensington's original FOIA request for HUD Form 27050-B on behalf of our client, Eileen Trentz.

Part 1: Kensington's Answer to Attachment "A"
    Our request was remanded on Appeal to the FOIA Division, "so that it may have an opportunity to either provide you with the requested document or with a valid legal basis for withholding it" (Attachment "B"). The Appeal decision further states,
        1) "The FOIA division Does not demonstrate how the requested document is 'related solely to the internal personnel rules and practices of an agency'" (Exemption 2)
        2) "nor how it qualifies as 'High 2 information' in that there is a law that may be circumvented if the requested form is provided."
In Attachment "A", the FOIA Division failed to reference any "law that may be circumvented if the requested form is provided." Instead, the FOIA Division again cites Exemption 2 and references internal policy.

The content of the document requested has no relation to internal personnel rules and practices of HUD. The fact that HUD has a policy regarding the distribution of this document is irrelevant. Schiller v. NLRB, 964 F.2d 1205 (D.C. Cir. 1992) states that Exemption 2 "applies to material 'used for predominantly internal purposes.'" The mere fact that HUD 27050-B is distributed to and completed by homeowners, excludes it from Exemption 2.

Page 1 of 4                      EXHIBIT "G"

# Kensington Research & Recovery Inc.

Furthermore, "High 2 information" is a subcategory of Exemption 2 and therefore pertains only to documents "related solely to the internal personnel rules and practices of an agency". Since HUD 27050-B is not for predominantly internal purposes, justification referencing "High 2 information" is not applicable.

Although we sympathize with HUD's attempt to deter fraud by issuing form 27050-B only to the homeowner, citing internal policy is insufficient justification for ignoring the legal authorization contained within the Power of Attorney. With this Power of Attorney, Kensington stands in the footsteps of the homeowner and must be treated as such. Since form 27050-B is provided to homeowners upon request, it must also be provided to an entity in possession of a valid Power of Attorney issued by the homeowner.

Part 2. FOIA Noncompliance Issues

According to Sec. 15.112 (b) FOIA appeals are to be handled as follows:
(1) Appeal of a denial of request for information.
If you are appealing a decision to deny your request for records, HUD will either:
- (i) Give you the records you requested or advise you that the records will be provided by the originating office;
- (ii) Give you some of the records you requested while declining to give you other records you requested, tell you why HUD has concluded that the documents were exempt from disclosure under FOIA, and tell you how to obtain judicial review of HUD's decision; or
- (iii) Decline to give you the records you requested, tell you why HUD has concluded that the records were exempt from disclosure under FOIA, and tell you how to obtain judicial review of HUD's decision.

Our request was for one record, therefore (ii) is not applicable. In Attachment "B", the Appeal decision remands our request to the FOIA Division so that it may have an opportunity to either
1) "provide you with the requested document or"
2) "with a valid legal basis for withholding it"

Allowing the FOIA Division the ability to further justify the denial of a record is outside the scope of a FOIA Appeal decision, and therefore, is in violation of the Freedom of Information Act. An Appeal decision must provide the justification for denial or process the request, and FOIA regulations do not allow for deviation from these options.

This Appeal decision has circumvented the FOIA appeal progression:
Stage 1. Request records from FOIA Division, if denied
Stage 2. Appeal decision, if denied
Stage 3. Judicial Review

The Appeal decision does not have the authority to relegate the request to be re-decided by the FOIA division. Attachment "A" again denies our request and states, "You may appeal this determination within 30 days of this letter." This misuse of authority in the appeal decision has the potential to never allow a request to progress from Stages 1 and 2 (above).

Page 2 of 4

# Kensington Research & Recovery Inc.

The actual result of this Appeal decision is a substantial delay in the processing of our request, for reasons not permissible by the Freedom of Information Act. We assume, from this decision, that a further delay was the intended result of the Appeal decision. HUD's history of noncompliance with FOIA regulations pertaining to this request supports this assumption.

Below is a time log of requests and decisions for FOIA request # FI-460001:

| Date | Event |
|---|---|
| 12/22/2006 | Sent original request to FOIA via email |
| 12/26/2006 | Read receipt received by FOIA |
| 1/12/2007 | FOIA confirms receipt. Assigns FOIA number and Specialist |
| 2/1/2007 | Letter from FOIA stating an additional 45days is needed |
| 4/30/2007 | Letter from FOIA denying our request under Exemption 2 |
| 5/29/2007 | Sent appeal |
| 10/11/2007 | Letter from Appeals remanding our request back to FOIA Division |
| 10/31/2007 | Letter from FOIA denying our request under Exemption 2 |

FOIA Regulations allow for the following time regulations:

(6)(A) Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall—

(i) determine within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination; and

(ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.

(B)(i) In unusual circumstances as specified in this subparagraph, the time limits prescribed in either clause (i) or clause (ii) of subparagraph (A) may be extended by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched. No such notice shall specify a date that would result in an extension for more than ten working days, except as provided in clause (ii) of this subparagraph.

Therefore, the maximum time allowed for the decision by the FOIA division is 20 working days + 10 working days (if there are unusual circumstances) = 30 working days. Likewise, the Appeal process could take the same 30 working days.

Here is a breakdown of the actual number of working days HUD needed to issue a decision:
1/12/2007 to 4/30/2007 Time to issue an initial determination: **30 permitted, 76 actual**
5/29/2007 to 10/11/2007 Time to issue an appeal determination: **30 permitted, 95 actual**
This yields a total of **60 permitted and 171 actual** working days, with an **excess time of 111 days and we still have no decision on Appeal.**

The HUD website (http://www.hud.gov/offices/adm/foia/index.cfm) states that the "Current FOIA processing time for routine FOIA requests is 30 days and 45 days for complex FOIA requests." We are approaching one year from the date our original request was submitted.

# Kensington Research & Recovery Inc.

Conclusion

Had HUD been in compliance with FOIA regulations, by now our request would have either been processed or we would currently be seeking Judicial Review. As this is an undeserved "second appeal" with your office, we request that your office immediately provide us with either the HUD-27050-B form we requested on December 22, 2006 or proper justification for denial with instructions for Judicial Review. Any further delay is an injustice to the homeowner we represent.

Sincerely,

William Livingston
Representative
William.Livingston@Kensington-Research.com

# Kensington Research & Recovery Inc.