UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENSINGTON RESEARCH & RECOVERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1250 |
| | ) | |
| UNITED STATES OF AMERICA | ) | Judge Gottschall |
| DEPARTMENT OF HOUSING AND | ) | |
| URBAN DEVELOPMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO VERIFIED COMPLAINT

Defendant, United States Department of Housing and Urban Development ("HUD"), by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, answers the complaint as follows:

### First Defense

Answering the specific allegations of the complaint, and using the same paragraph numbering, defendant admits, denies or otherwise avers as follows:

**Complaint**

1.      Plaintiff Kensington Research & Recovery Inc. is the requestor of agency records that have been alleged to be improperly withheld. Plaintiff is an Illinois corporation with its principal place of business at 208 S. La Salle St., Suite 1702, Chicago, County of Cook, State of Illinois 60604.

**Answer**      1.      Admit that plaintiff has requested certain agency records; deny that said records have been improperly withheld. Defendant lacks sufficient information or knowledge at this

time to admit or deny the truth of plaintiff's allegations in sentence two, paragraph 1 of the complaint.

**Complaint**

2.      The United States of America Department of Housing and Urban Development is an agency of the United States of America.  Upon information and belief, HUD's mission, *inter alia*, is to increase access to affordable housing free from discrimination.  See HUD's Mission Statement.

**Answer**      2.      Deny sentence one; there is no agency known as "United States of America Department of Housing and Urban Development."   Admit only that the United States Department of Housing and Urban Development ("HUD") has a mission statement.

**Complaint**

3.      This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(A)(4)(B) because this is an action to enforce a request under the Freedom of Information Act.

**Answer**      3.      Denied.

**Complaint**

4.      Venue is appropriate in this judicial district pursuant to 5 U.S.C. § 552(A)(4)(b) because Plaintiff is a resident of the Northern District of Illinois, Eastern Division, and has its principal place of business in the Northern District of Illinois, Eastern Division.  (Plaintiff's Power of Attorney).

**Answer**      4.      Defendant lacks sufficient information or knowledge at this time to admit or deny the truth of plaintiff's allegations in paragraph 4 of the complaint.

2

**Complaint**

5.      At all times relevant and as submitted to Defendant from the outset, Plaintiff has in its possession and control an original limited power of attorney signed by its client, Eileen Trentz, that expressly authorizes Plaintiff to "obtain records from the Department of Housing and Urban Development (including but not limited to Form HUD-27050-b) and . . . to do such acts as may be necessary or desirable to collect a refund on [her] behalf." A copy of the limited power of attorney is attached hereto as Exhibit "A."

**Answer**      5.      Defendant lacks sufficient information or knowledge at this time to admit or deny the truth of plaintiff's allegations that it allegedly has possession and control of an original limited power of attorney. Defendant admits that the copy of the limited power of attorney attached to the complaint represents that the principal authorizes plaintiff to "obtain records from the Department of Housing and Urban Development (including but not limited to Form HUD 27050-b)." Defendant lacks sufficient information or knowledge at this time to admit or deny the truth of plaintiff's allegations as to whether Eileen Trentz signed the copy of the power of attorney attached thereto. Defendant denies that a "power of attorney" is legally sufficient to empower plaintiff to obtain a HUD Form 27050-b or "do such acts as may be necessary or desirable to collect a refund" on behalf of behalf of Eileen Trentz, as there is no provision requiring HUD to honor such a "power of attorney," and plaintiff has failed to allege that it complied with the requirements set forth in the anti-assignment act, 31 U.S.C. § 3727, even assuming Eileen Trentz qualified for a refund.

**Complaint**

6.      On December 22, 2006, Plaintiff submitted its FOIA request on behalf of its client,

Eileen Trentz, and attaching the limited power of attorney, Exhibit "A."  The December 22, 2006

communication from Plaintiff to Defendant requested that Defendant send the HUD-2 7050-b form

for Eileen Trentz to Plaintiff.  A copy of the December 22, 2006 FOIA Request is attached hereto

as Exhibit "B."

**Answer**      Admit only that plaintiff submitted a request to HUD under the Freedom of

Information Act ("FOIA").

**Complaint**

7.      By letter dated April 30, 2007, Defendant denied the FOIA request under FOIA

exemption 2, stating that:

> The release of this information would significantly risk circumvention of agency regulations
> or statutes or impede the effectiveness of an agency's law enforcement activities. It is HUD's
> policy to send forms HUD-27050-B only to homeowners. . . .

A copy of the April 30, 2007 denial letter is attached hereto as Exhibit "C."

**Answer**      7.      Admit that plaintiff has cited to a provision of the attached copy of HUD's

April 30, 2007 letter.

**Complaint**

8.      By letter dated May 29, 2007, Plaintiff appealed the denial of the FOIA request. A

copy of the May 29, 2007 letter is attached hereto as Exhibit "D" and expressly incorporated by

reference herein.

**Answer**      8.      Admit.

**Complaint**

     9.     By letter dated October 11, 2007, Defendant remanded Plaintiff's request pursuant to FOIA to the FOIA division to either provide the requested copy of form HUD-27050-B for Plaintiff's client or to provide a legal basis to withhold the information. A copy of the October 11, 2007 letter is attached hereto as Exhibit "E."

**Answer**     9.     Admit.

**Complaint**

     10.     By letter dated October 31, 2007, Defendant denied for the second time the FOIA request. A copy of the October 31, 2007 letter is attached hereto as Exhibit "F."

**Answer**     10.     Admit.

**Complaint**

     11.     On November 30, 2007, Plaintiff appealed the second denial of its FOIA request. The November 30, 2007 letter from Plaintiff also attached all preceding relevant documents described above. Plaintiff also explained that the "content of the document requested is no relation to internal personnel rules and practices of1-11.JD . . .[and the] mere fact that HUD-27050-B is distributed to and completed by homeowners, excludes it from Exemption 2." The November 30, 2007 letter from Plaintiff further contested that the document may be withheld because it is "related solely to the internal personnel rules and practices of an agency." Finally, Plaintiffs November 30, 2007 letter points out that Defendant was in violation of FOIA through its delays in its response. A copy of the November 30, 2007 letter is attached hereto as Exhibit "G" and expressly incorporated by reference herein.

**Answer**	11.	Admit sentence one.  Admit only that plaintiff attached documents to its letter referenced in sentence two.  Admit only that plaintiff made such statements in the letter, as referenced in sentence three.  Admit only that plaintiff made such statements in the letter, as referenced in sentence four.  Deny the allegations in sentence five that HUD was in violation of FOIA.  Admit only that a copy of plaintiff's letter is attached as exhibit G, but deny the allegations set forth therein.

**Complaint**

12.	By letter dated January 8, 2008, a copy of which is attached hereto as Exhibit "H," the Defendant responded to Plaintiff's November 30, 2007 second FOIA appeal.  The January 8, 2008 letter again denies Plaintiff access to the requested document.

**Answer**	12.	Admit.

**Complaint**

13.	Plaintiff Kensington has exhausted all necessary and required administrative remedies.

**Answer**	13.	Admit.

**Complaint**

14.	Defendant admits that it allows legal counsel to receive as a third-party requestor the completed HUD-27050-B form, but summarily states that except for legal counsel, the restriction on access to HUD-27050-B applies to all third-party requestors.  See Exhibit "H."

**Answer**	14.	Denied, insofar as no "exhibit H" is attached to the complaint.

**Complaint**

15.    Defendant fails to accept or recognize the express and specific grant of authority provided in the power of attorney, Exhibit "A."

**Answer**    HUD admits that it does not recognize the copy of the purported Limited Power of Attorney attached as an exhibit to the complaint. Further answering, defendant HUD denies plaintiff is entitled to any of the relief sought in its "Wherefore" clause. Any allegation not expressly admitted is herein denied.

### Second Defense

The record requested by Plaintiff was not improperly withheld and, therefore, the Court lacks subject matter jurisdiction under FOIA, 5 U.S.C. § 552 *et seq*. and 28 U.S.C. §1331.

### Third Defense

The complaint fails to state a claim upon which relief can be granted.

### Fourth Defense

The record requested by Plaintiff is exempt from disclosure pursuant to FOIA Exemption 2, 5 U.S.C. § 552(b)(2).

### Fifth Defense

The record requested by Plaintiff is exempt from disclosure pursuant to FOIA Exemption 3, 5 U.S.C. § 552(b)(3).

WHEREFORE, having fully answered plaintiff's complaint, defendant United States Department of Housing and Urban Development prays that the complaint be dismissed with prejudice, for its costs, and for such further relief as is just and proper.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/Ernest Y. Ling
    ERNEST Y. LING
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5870
    ernest.ling@usdoj.gov