UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENSINGTON RESEARCH & RECOVERY,  ) | |
| ) | |
| Plaintiff,        ) | |
| ) | No. 08 C 1250 |
| v.            ) | |
| ) | Judge Gottschall |
| UNITED STATES OF AMERICA and     ) | |
| DEPARTMENT OF HOUSING AND       ) | |
| URBAN DEVELOPMENT,          ) | |
| ) | |
| Defendants.      ) | |

**MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

**Introduction**

This is an action to review whether a single document is exempt from production under the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The court should stay discovery pursuant

to Fed. R. Civ. P. 26(b)(2)(C) until after the defendants have filed a motion for summary judgment.

Discovery is generally not permitted in FOIA cases, and there is nothing about this case that

warrants departure from this general rule.

**Background**

Plaintiff Kensington Research & Recovery, Inc. ("KRR") brought this FOIA action to

challenge HUD's determination that a document necessary to the government's processing of a

homeowner's refund of unearned mortgage insurance premiums is statutorily exempt from public

disclosure.  When a mortgage insured by HUD is terminated by default, sale or for other reasons,

there can be residual insurance premiums that must be refunded by HUD to the homeowner-

mortgagor.  In certain cases the refund cannot be effected automatically, and HUD uses form 27050-

B to process the insurance premium refund due to an individual mortgagor. *See* Compl. Ex. C. It is HUD's policy to send these 27050-B forms only to homeowners to prevent their potential misuse by third parties. *See id*. KRR submitted a FOIA request to HUD for the borrower Eileen Trentz' 27050-B form, along with a copy of a Limited Power of Attorney ("LPA") for the purpose of securing her refund from HUD. Compl. ¶ 6, Exs. A, B. In several letters to KRR of increasing detail, HUD explained to KRR that homeowners' 27050-B forms are exempt from public disclosure under 5 U.S.C. § 552(b)(2) ("FOIA Exemption 2"). Compl. Ex. C, F; Exhibit 1.

In appealing to the agency for reconsideration, KRR argued that Exemption 2 does not apply because the document is not used "for predominantly internal purposes" and that KRR was entitled to the document because it had a Limited Power of Attorney for that purpose from the homeowner. Compl. Ex. G. HUD maintained its determination of exemption, clarifying that the refund form is part of predominantly internal agency practices because "it is used only by HUD's Office of Housing as a means to identify and refund monies directly to entitled borrowers in compliance with applicable statutory and regulatory mandates" and so is protected from public disclosure by FOIA Exemption 2. Ex. 1.

Continuing to disagree with HUD's reasoning, KRR commenced this FOIA action and is now propounding a number of interrogatories and associated document requests concerning matter largely tangential to the issue of statutory exemption under FOIA. Most of the interrogatories seek information on the identity of past and potential recipients of form 27050-B by asking how HUD's policy of sending the form only to homeowners is interpreted, and for instances when any third party requestor has either been denied or provided form 27050-B. Several interrogatories also seek information on HUD's practices regarding powers of attorney. *See* Exhibit 2.

2

## Argument

**A.    The FOIA Claim Poses No Factual Issues Warranting Discovery.**

Discovery in FOIA litigation is rare and should generally be denied. *Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) *aff'd*, 349 F.3d 657 (D.C. Cir. 2003); *See also*, *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); *Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d. 19, 25 (D.D.C. 2000) ("[D]iscovery in a FOIA action is generally inappropriate."). If permitted, "[t]ypically it is limited to investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like." *Public Citizen Health Research Group v. FDA*, 997 F. Supp. 56, 72-73 (D.D.C. 1998), *reversed in part on other grounds*, 185 F.3d 898 (D.C. Cir. 1999); *Heily v. U.S. Dep't of Commerce*, 69 F. App'x 171, 174 (4th Cir. 2003) (same); *see also*, *Schrecker*, 217 F. Supp. 2d. at 35 ("Discovery is only appropriate when an agency has not taken adequate steps to uncover responsive documents") (citing *SafeCard v. SEC*, 926 F.2d 1197, 1202 (D.C.Cir.1991)).

In this FOIA case there is no question about HUD's search for Eileen Trentz' 27050-B form, but merely whether it falls within a FOIA exemption to public disclosure. Nor is there a factual, rather than legal, question of the applicability of FOIA Exemption 2, which HUD cited in its denial of KRR's request. KRR insists that since FOIA Exemption 2 applies to documents used for predominantly internal purposes, the mere fact that HUD sends 27050-B forms to homeowners excludes it from Exemption 2. Compl. Ex. G, p.1. HUD responds that sending the form to the relevant homeowner as part of refund processing is a predominantly internal use. Ex. 1. This is not a factual dispute. Accordingly, discovery is not appropriate.

**B.      The Limited Power of Attorney Creates No Material Issue Warranting Discovery.**

"It is fundamental that 'the identity of the requesting party has no bearing on the merits of his or her FOIA request.'" *Becker v. IRS*, 34 F.3d 398, 404 (7th Cir. 1994) (quoting *United States Dep't of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487, 496 (1994)).  This is because "Congress clearly intended the FOIA to give any member of the public as much right to disclosure as one with a special interest," and thus "[t]he Act's sole concern is with what must be made public or not made public." *United States Dep't. of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 771-72 (1989) (internal citations omitted).  As the Supreme Court emphasized, the inquiry in a FOIA case is into the nature of the record, not the requestor.

Nevertheless, KRR makes much of the fact that it submitted its FOIA request along with a copy of a Limited Power of Attorney ("LPA").  *See e.g.*, Compl. ¶ 5, Exs. D, G.  Yet whether KRR made its FOIA request with or without an LPA is immaterial to this court's review.  KRR's 16 interrogatories and accompanying document requests focus heavily on requestor identity: what third party requestors have been denied, have received, or may receive a homeowner's 27050-B; does HUD have an approved power of attorney form; and how has HUD's policy of sending a homeowner's 27050-B only to the homeowner been interpreted and practiced.  At best, KRR's discovery requests seek to chance upon some inconsistency in HUD's handling of 27050-B forms within or without the FOIA context that might impugn HUD's good faith determination that they are exempt from public disclosure under FOIA.

If it is indeed searching for agency bad faith, KRR's discovery puts the cart before the horse.  In a FOIA case, an agency's support of its FOIA response is entitled to a presumption of good faith.  *Safecard*, 926 F.2d at 1200.  Accordingly, bad faith must first be shown before discovery is justified.

*See*, *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (stating that discovery is justified only upon a showing of bad faith "sufficient to impugn the agency's affidavits or declarations"). KRR has made no such showing.[1] Moreover, as courts have reiterated not a few times, discovery that is pursued in the "bare hope of falling upon something that might impugn the affidavits" submitted by the agency is appropriately denied. *Military Audit Project v. Casey*, 656 F.2d 724, 751-52 (D.C. Cir. 1981) (quoting *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 836-37 n. 101 (D.C. Cir. 1979)); *see also*, *Allen v. U.S. Secret Service*, 335 F. Supp. 2d 95, 100 (D.D.C. 2004); *Lawyers' Comm. for Civil Rights of San Francisco v. U.S. Dep't. of the Treasury*, 534 F. Supp. 2d 1126, 1132 (N.D. Cal. 2008). By seeking evidence of discrepancies between HUD's policy to send 27050-B forms only to homeowners and any release to a non-homeowner under the policy, FOIA, or otherwise, KRR is impermissibly pursuing just such a bare hope.

**C.    Even if Discovery Is Permitted, It Is Proper Only after HUD Submits Its Record for Review on Summary Judgment.**

Discovery in FOIA cases should be denied where an agency's declarations are reasonably detailed and submitted in good faith, and the court is satisfied that no material factual dispute remains. *Shrecker*, 217 F. Supp. 2d at 35; *see also*, *Reid v. USPS*, 2006 WL 1876682, at *5 (S.D. Ill. 2006) (denying discovery because "[d]efendant's submissions are adequate on their face"). The widely affirmed corollary is that discovery in FOIA cases should take place, it at all, only after the government moves for summary judgment and submits its memorandum of law and supporting affidavits. *See e.g.*, *Military Audit Project*, 656 F.2d at 751 (finding no abuse of discretion in

---

[1]    KRR's assertion at Compl. ¶ 14 that 27050-B forms are not withheld from FOIA requestors who are a homeowner's legal counsel shows nothing but speculation as it refers to a non-existent "Exhibit H" where the only material attached to the complaint are exhibits A through G.

denying pre-summary judgment discovery where agency assertions of reasons for withholding requested documents were neither inadequate nor conclusory); *Simmons v. U.S. Dep't of Justice*, 796 F.2d 709, 711-12 (4th Cir. 1986) (approving district court's denial of discovery because agency affidavit filed with summary judgment made need for discovery "moot"); *Lane v. Department of Interior*, 523 F.3d 1128, 1134-35 (9th Cir. 2008) ("Courts routinely delay discovery until after summary judgment in [FOIA] cases"); *Nolan v. Dep't of Justice*, 973 F.2d 843, 849 (10th Cir. 1992) ("[T]he district court acted well within its discretion in deferring discovery so as to determine the propriety of the exemptions."); *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993) ("[P]laintiff's early attempt . . . to take discovery . . . is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions.").

As HUD is already scheduled to make its summary judgment submission in this FOIA matter and KRR's pleadings fail to justify a deviation from the general rule against pre-summary judgment discovery, this court should stay discovery as unwarranted and premature.[2]

---

[2] Currently, the litigation schedule in this case is as follows: discovery closed by September 11, 2008; dispositive motions due by October 30, 2008; responses due by November 28, 2008; and replies due by December 12, 2008.  Docket Entry, No. 11.  Should discovery be stayed, HUD proposes the following consecutive briefing schedule: HUD's summary judgment motion due by [August 29, 2008]; KRR response due by [September 29, 2008]; HUD reply due by [October 14, 2008].

## Conclusion

For these reasons, defendants request that the court grant their motion to stay discovery until the agency has moved for summary judgment.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Ernest Y. Ling
     ERNEST Y. LING
     Assistant United States Attorney
     219 South Dearborn Street
     Chicago, Illinois 60604
     (312) 353-5870
     ernest.ling@usdoj.gov

Of Counsel:

GERALD ALEXANDER
Assistant General Counsel
Office of General Counsel
United States Department of Housing and Urban Development
451 Seventh Street, SW
Washington, DC 20410
(202) 402-5031