Exhibit 1



U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, D.C. 20410-0500

OFFICE OF GENERAL COUNSEL

JAN 2 2008

William Livingston
Kensington Research & Recovery, Inc.
208 S. LaSalle Street #1702
Chicago, IL 60604

Re: Freedom of Information Act Appeal
FOIA Control No.: FI-460001

Dear Mr. Livingston:

    This letter responds to your November 30, 2007 Freedom of Information Act (FOIA) appeal. On December 22, 2006, you submitted a FOIA request to the U.S. Department of Housing and Urban Development (HUD) on behalf of your client, Eileen Trentz. You asked for a copy of the HUD-27050-B concerning your client's property, which is a refund application for a HUD premium refund. To support your request, you submitted a copy of a Power of Attorney signed by Eileen Trentz that authorizes your company to "obtain records from the Department of Housing and Urban Development (including but not limited to form HUD-27050-B) and ... to do such acts as may be necessary or desirable to collect a refund on [your client's] behalf."

    By letter dated April 30, 2007, HUD denied your request pursuant to FOIA Exemption 2 based on "HUD's policy to send forms HUD-27050-B only to homeowners" and avoid "the possibility that the form could be misused" by third-party tracers or other outside parties. You appealed that determination by letter dated May 29, 2007. On appeal, this office found that the initial FOIA determination did not demonstrate FOIA Exemption 2 applicability and remanded your request to the FOIA Division so that "it may have an opportunity to either provide you with the requested document or with a valid legal basis for withholding it." On October 31, 2007, the FOIA Division issued a second determination, which provided specific detail to support FOIA Exemption 2's applicability to the requested form. By letter dated November 30, 2007, you appealed the second determination. For the reason detailed below, I deny your FOIA appeal.

    FOIA Exemption 2 permits the withholding of records related "to the internal personnel rules and practices of an agency," 5 U.S.C. § 552(b)(2). The terms "internal" and "rules and practices," as used in the statute, has been interpreted broadly by the courts. Crooker v. ATF, 670 F.2d 1051, 1074 (D.C. Cir. 1978) (en banc) (interpreting "internal" to mean "predominantly internal"); see Schwaner v. Dept' of the Air Force, 898 F.2d 793, 796 (D.C. Cir. 1990) (acknowledging that "[j]udicial willingness to sanction a weak relation to 'rules and practices' may be greatest when the asserted government interest [in non-disclosure] is relatively weighty"). Two categories of information are covered by FOIA Exemption 2: 1) trivial internal matters, referred to as Low 2 information; and, 2) more substantial internal matters, the disclosure of which would risk circumvention of a statute or regulation, referred to as High 2

information. See Shiller v. NLRB, 964 F.2d 1205 (D.C. Cir. 1992). High 2 information is protected so that the FOIA is not used to "benefit those attempting to violate the law and avoid detection." Crooker, 670 F.2d at 1054.

In its second determination, the FOIA Division demonstrates how the requested HUD-27050-B form qualifies as "High 2 information" protected by FOIA Exemption 2. The form can be considered "predominantly internal" and relating to agency "practices," as it is used only by HUD's Office of Housing as a means to identify and refund monies directly to entitled borrowers in compliance with applicable statutory and regulatory mandates. That determination cites to the "National Housing Act and implementing regulations requir[ing] unearned mortgage insurance premium charges . . . [to] be refunded to the borrower," as authorities that would likely be circumvented if the requested form is provided to third parties such as yourself. Based on its expertise, it is the Office of Housing's position that release of such forms to third parties "creates a significant risk that HUD regulations requiring refund[s] of unearned premium [to the borrowers themselves] will be circumvented." The FOIA determination further states that release of the forms to a third party "increases the risk that the forms will be completed by someone other than the borrower, and that third parties will claim to be authorized agents of HUD," thereby hindering HUD's ability to comply with the National Housing Act and implementing regulations. Based on the FOIA Division's determination that release of the requested form would significantly risk circumvention of specific statutory and regulatory law, it may be properly withheld pursuant to FOIA Exemption 2.

Judicial review of my determination under 5 U.S.C. § 552(a)(4) is available in the United States District Court of the jurisdiction where you reside, have your principal place of business, in the District of Columbia, or in the judicial district where the records are located.

Sincerely,

Linda M. Cruciani
Deputy General Counsel for Operations

cc: FOIA Division

# Exhibit 2

Case 1:08-cv-01250   Document 13-2   Filed 07/11/2008   Page 4 of 15

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENSINGTON RESEARCH & )
RECOVERY INC., )
 )
      Plaintiff, )
 )
vs. ) No. No. 08 C 1250
 )
UNITED STATES OF AMERICA, ) Judge Gottschall
DEPARTMENT OF HOUSING AND )
URBAN DEVELOPMENT (HUD), )
 )
      Defendant. )

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

To:    Patrick J. Fitzgerald
         United States Attorney
         Attn: Ernest Y. Ling, Assistant
          United States Attorney
         219 South Dearborn Street
         Chicago, IL 60604

Plaintiff, Kensington Research & Recovery, Inc., ("Kensington"), by and through its attorneys, Bishop, Rossi & LaForte, Ltd., propounds the following First Set of Interrogatories to be answered under oath by Defendant, United States of America, Department of Housing and Urban Development ("HUD"), within thirty (30) days pursuant to FRCP, Rule 33, as follows:

### DEFINITIONS AND INSTRUCTIONS

    A.    As used herein, the following words shall have the meanings indicated:

    1.    The word "document" includes any written, printed, typed, photographed or other demonstrative material, however produced or reproduced, of any kind or description, whether sent

or received, including originals, non-identical copies and drafts and both sides thereof, and including, but not limited to, papers, books, letters, correspondence, telegrams, bulletins, notices, announcements, charts, manuals, brochures, schedules, memoranda, notes, reports, studies, surveys, work papers, transcripts, minutes, evaluations, analyses, summaries, records and recordings of telephone or other conversations, statements, contracts, agreements, journals, statistical records, desk printouts, data processing input or output and all other records kept by electronic, photographic or mechanical means, and things similar to the foregoing, however denominated by Defendant, in the possession, custody or control of Defendant or of which Defendant has knowledge.

2. The word "Communication" includes all written and oral communications, direct or indirect, and by any means.

3. The word "identify" means:

(a) With respect to a person, state his or her full name, present address, employment or business affiliation, position, business address and, if acting for another, the identity of the person or entity for which he or she acted.

(b) With respect to a corporation, partnership or other entity, state its current name, address, domicile, date and place of incorporation (if applicable), principal place of business and identify its principal officers and shareholders (holding 10% or more of its capital stock).

(c) With respect to a communication, set forth the date thereof, and state whether said communication was oral or in writing. If oral, identify each party and witness thereto, the place where such communication was made (or means, if by telephone, the places from which and to which the call was made), set forth in words or in substance what each party said to the other and identify each document concerning said communication. If the communication was written, identify

same (in accordance with instructions regarding identification of documents) and identify each other document concerning same.

(d) With respect to a document, set forth the date thereof, identify each author and signatory thereof, set forth the title (if any), the number of pages, the substance thereof, and state the present location and identify the custodian of the original and all copies thereof.

4. The word "you" includes HUD, or any other person or entity acting under the control or supervision of or in concert or association with HUD.

5. The word "or" means "and/or".

6. The word "concerning" includes referring to, responding to, relating to, connected with, regarding, discussing, analyzing, showing, describing, reflecting, implying and constituting.

B. Whenever asked in these Interrogatories to "state", "explain", or "set forth" a fact, event, or allegations, you are to do so in detail, giving dates, places, amounts, reasons therefore, and identifying (in accordance with Definition A(3) above) all relevant persons and documents.

C. Whenever appropriate in these Interrogatories, the singular form shall be interpreted as plural and vice-versa and the present tense includes the past tense and vice-versa.

D. Unless otherwise specifically set forth in the following interrogatories, all questions are related to the time period from January 1, 2005 to the present, unless otherwise noted.

## INTERROGATORIES

1. Identify the person answering these Interrogatories in accordance with the definition of "identify" as expressed hereinabove.

ANSWER:

2. Identify all witnesses.

ANSWER:

3. Identify all persons who have knowledge of the matters contained in your Answer.

ANSWER:

4. Identify all instances in which HUD has allowed a third party requestor to receive a completed HUD-27050-B Form, and in so identifying, state the circumstances upon which such third party requestor is allowed access to the form.

ANSWER:

5. Identify all instances in which HUD has denied a third party requestor's request to receive a completed HUD-27050-B Form, and in so identifying, state the circumstances upon which such third party requestor is denied access to the form.

ANSWER:

6. Does HUD have any approved power of attorney forms? If so, pursuant to FRCP 33(d), please attach a copy.

ANSWER:

7. Under what circumstances may a third party requestor receive a copy of a completed HUD-27050-B Form?

ANSWER:

8. Please provide any change in policy by HUD over the past ten years with regards to "HUD's policy to send Forms HUD-27050-B only to homeowners..." as expressed in HUD's letter dated April 30, 2007.

ANSWER:

9. Please provide any interpretations of the policy of HUD to send Forms HUD-27050-B only to homeowners.

ANSWER:

10. Identify any internal written interpretations of HUD's policy to send Forms HUD-27050-B only to homeowners.

ANSWER:

11. Identify any deviations from HUD's policy to send Forms HUD-27050-B only to homeowners.

ANSWER:

12. Does HUD prohibit third party requestors with valid executed powers of attorney completed from the homeowner from receiving HUD information other than Form HUD-27050-B?

ANSWER:

13. If the Answer to the preceding Interrogatory was yes, identify such instances in which third party requestors are also prohibited from receiving information from HUD?

ANSWER:

14. Identify all documents in support of your second defense as stated in your Answer.

ANSWER:

15. Identify all documents in support of your fourth defense as stated in your Answer.

ANSWER:

16. Identify all documents in support of your fifth defense as stated in your Answer.

ANSWER:

KENSINGTON RESEARCH & RECOVERY INC.

By: _____
Raymond E. Rossi, one of its attorneys

Raymond E. Rossi, ARDC #3128164
George F. LaForte, Jr., ARDC #6231063
BISHOP, ROSSI & LAFORTE, LTD.
Two TransAm Plaza, Suite 200
Oakbrook Terrace, IL  60181
630.916.0123

STATE OF ILLINOIS      )
                       ) SS.
COUNTY OF DU PAGE      )

## PROOF OF MAILING

I, Suzanne Pugh, a non-attorney, on oath state that I served the forgoing First Set of Interrogatories to Defendant this 23rd day of May, 2008, by placing same in the U.S. Mail receptacle at Two TransAm Plaza, Oakbrook Terrace, Illinois, postage prepaid, before the hour of 5:00 p.m. addressed to the attorney listed on page 1 of these Interrogatories.

*/s/ Suzanne Pugh*

Subscribed and sworn to before me
this 23rd day of May, 2008.

*/s/ Elizabeth Ann Rhein*
Notary Public

"OFFICIAL SEAL"
ELIZABETH ANN RHEIN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9/15/2009

-8-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENSINGTON RESEARCH & )
RECOVERY INC., )
)
Plaintiff, )
)
vs. ) No. No. 08 C 1250
)
UNITED STATES OF AMERICA, ) Judge Gottschall
DEPARTMENT OF HOUSING AND )
URBAN DEVELOPMENT (HUD), )
)
Defendant. )

### PLAINTIFF'S FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANT

To: Patrick J. Fitzgerald
United States Attorney
Attn: Ernest Y. Ling, Assistant
  United States Attorney
219 South Dearborn Street
Chicago, IL 60604

Plaintiff, Kensington Research & Recovery, Inc., ("Kensington"), by and through its attorneys, Bishop, Rossi & LaForte, Ltd., propounds the following First Request for Production of Documents to Defendant, United States of America, Department of Housing and Urban Development ("HUD"), for response within thirty (30) days pursuant to FRCP, Rule 34, as follows:

1. Documents in response to Interrogatory No. 4.

RESPONSE:

2. Documents in response to Interrogatory No. 5.

RESPONSE:

3. Documents in response to Interrogatory Nos. 8 and 9.

RESPONSE:

4. Documents in response to Interrogatory No. 10.

RESPONSE:

5. Documents in response to Interrogatory No. 11.

RESPONSE:

6. Documents in response to Interrogatory Nos. 14-16.

RESPONSE:

                                KENSINGTON RESEARCH & RECOVERY INC.

By: *[signature]*
                          Raymond E. Rossi, one of its attorneys

Raymond E. Rossi, ARDC #3128164
George F. LaForte, Jr., ARDC #6231063
BISHOP, ROSSI & LAFORTE, LTD.
Two TransAm Plaza, Suite 200
Oakbrook Terrace, IL 60181
630.916.0123

STATE OF ILLINOIS     )
                      ) SS.
COUNTY OF DU PAGE     )

### PROOF OF MAILING

I, Suzanne Pugh, a non-attorney, on oath state that I served the forgoing First Request for Production of Documents to Defendant this 23rd day of May, 2008, by placing same in the U.S. Mail receptacle at Two TransAm Plaza, Oakbrook Terrace, Illinois, postage prepaid, before the hour of 5:00 p.m. addressed to the attorney listed on page 1 of these Interrogatories.

_____

Subscribed and sworn to before
me this 23rd day of May, 2008.

_____
Notary Public

"OFFICIAL SEAL"
ELIZABETH ANN RHEIN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9/15/2009

-3-