UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENSINGTON RESEARCH & RECOVERY INC., ) ) ) | |
| Plaintiff, ) ) ) | |
| vs. ) | No. 08 CV 1250 |
| ) UNITED STATES OF AMERICA, ) DEPARTMENT OF HOUSING AND ) URBAN DEVELOPMENT (HUD), ) ) Defendant. ) | |

**PLAINTIFF'S RESPONSE MEMORANDUM IN**
**OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Kensington Research & Recovery Inc. ("Kensington"), by and through its attorneys, Raymond E. Rossi and Bishop, Rossi & LaForte, Ltd., respectfully submits the following Response Memorandum in Opposition to Defendant's Motion for Protective Order.

1. On May 14, 2008, a status hearing was held before the Honorable Joan Gottschall, at which time both parties represented that there was a need for limited discovery to be taken. As a result of the representations from counsel for both parties and inquiry from the court, a minute order was entered closing discovery on September 11, 2008, providing for dispositive motions and supporting memoranda due by October 30, 2008 and a subsequent briefing schedule. A copy of the minute order entered is attached hereto as Exhibit "A".

2. On May 23, 2008, Plaintiff sent Defendant its First Set of Interrogatories and First Request for Production of Documents, copies of which are attached hereto as Exhibits "B" and "C", respectively.

3. In late June, 2008, Plaintiff's counsel, Raymond E. Rossi, and Defendant's counsel, Ernest Y. Ling, conferred concerning the status of Defendant's discovery responses. Raymond Rossi

requested that the overdue discovery be answered. Mr. Ling stated in summary that discovery does not proceed ahead of a motion for summary judgment in FOIA cases.

4. By letter dated July 7, 2008, Raymond Rossi, counsel for Plaintiff, wrote to Ernest Ling, counsel for Defendant, regarding the outstanding discovery. The letter provides in material part as follows:

> As you know, on May 23, 2008, we sent you our First Set of Interrogatories and First Request for Production of Documents. To date, no response has been received. On May 14, 2008, a status hearing was held before the Honorable Joan Gottschall, at which time we both represented that there was some limited discovery to be taken. As a result, a minute order was entered closing discovery on September 11, 2008, with dispositive motions and supporting memoranda due by October 30, 2008.
>
> We cannot agree that discovery should not be undertaken. The discovery requested is not intensive or overly burdensome and relates to the issues of the instant case. We have also been quite prompt in sending our written discovery to you. Although district courts have broad discretion in matters relating to discovery, we cannot see that the Court would restrict our right to the discovery we have propounded. The purpose of discovery under the Federal Rules of Civil Procedure is to provide a mechanism for making relevant information available to litigants. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. The discovery would also further the objective to avoid surprise and the possible miscarriage of justice. In summary, our limited written discovery requests are both reasonable and timely and your prompt response is requested.

A copy of the July 7, 2008 letter is attached hereto as Exhibit "D".

5. Defendant's counsel expressly told the Court on May 14, 2008 that discovery would take place. Further, Defendant waited 49 days after service of Plaintiff's written discovery requests upon Defendant to file its Motion for Protective Order.

6. An examination of the requested written discovery from Plaintiff to Defendant, Exhibits "B" and "C", will reveal that the discovery does not request that which was the subject matter of the FOIA requests. Rather, Plaintiff's written discovery seeks to determine whether issues of waiver, estoppel, mistake or policy change exist concerning the documents in question. As a result, the cases

cited by Defendant are inapposite insofar as the issue is not whether Defendant has conducted a reasonable search for the documents. Further, the discovery seeks to avoid surprise and the possible miscarriage of justice.

7. In the recent case of Kozacky & Weitzel, P.C. v. U. S. Department of Treasury, IRS, Slip Op., 2008 WL 2188457 (N.D. Ill. 2008), the court ordered that defendant be compelled to answer interrogatories served by plaintiff in spite of defendant's argument that discovery was inappropriate in FOIA cases.

8. Given that the dominant objective of FOIA is disclosure and not secrecy, and that FOIA exemptions are given a narrow compass, 5 USCA § 552, and given the prompt and limited request for written discovery from Plaintiff to Defendant, Plaintiff respectfully requests that Defendant be ordered to respond to Plaintiff's written discovery requests.

9. For the above stated reasons, Plaintiff respectfully requests that Defendant be ordered to answer the limited written discovery requests propounded upon it, and for such other relief as the Court deems just and proper.

Respectfully submitted,

KENSINGTON RESEARCH & RECOVERY INC.

By:  /s/ Raymond E. Rossi


Raymond E. Rossi, ARDC #3128164
BISHOP, ROSSI & LAFORTE, LTD.
Two TransAm Plaza, Suite 200
Oakbrook Terrace, IL  60181
630.916.0123