UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENSINGTON RESEARCH & RECOVERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1250 |
| | ) | |
| UNITED STATES OF AMERICA and | ) | Judge Gottschall |
| DEPARTMENT OF HOUSING AND | ) | |
| URBAN DEVELOPMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

### Introduction

Plaintiff Kensington Research & Recovery, Inc. ("KRR") has filed a response in opposition to defendants' motion for protective order that fails to adequately address any of the bases for relief asserted therein. The defendants' motion for protective order should therefore be granted.

### Argument

**Discovery Is Inappropriate in this FOIA Case.**

KRR's response fails to address any of the case authority cited in defendants' opening memorandum that hold that discovery in FOIA litigation is rare and should generally be denied. *See Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) *aff'd*, 349 F.3d 657 (D.C. Cir. 2003). Where discovery is allowed in such cases, "[t]ypically it is limited to investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like." *Public Citizen Health Research Group v. FDA*, 997 F. Supp. 56, 72-73 (D.D.C. 1998), *reversed in part on other grounds*, 185 F.3d 898 (D.C. Cir. 1999); *Heily v. U.S. Dep't of Commerce*,

69 F. App'x 171, 174 (4th Cir. 2003) (same); *see also*, *Schrecker*, 217 F. Supp. 2d. at 35 ("Discovery is only appropriate when an agency has not taken adequate steps to uncover responsive documents") (citing *SafeCard v. SEC*, 926 F.2d 1197, 1202 (D.C. Cir.1991)).

KRR concedes in its response that it does not seek discovery under any of the narrow exceptions set forth in *Schrecker v. U.S. Dep't of Justice* and other cases cited above. Pl. Resp. Br. at 2. Instead, KRR represents that it requires written discovery concerning *legal* issues of waiver, estoppel, mistake or policy change. *Id.* FOIA case law effectively establishes a bar against such discovery pursued "in the bare hope of falling upon something that might impugn the [agency's] affidavits." *Military Audit Project v. Casey*, 656 F.2d 724, 751-52 (D.C. Cir. 1981). As such, KRR has shown no reason to allow written discovery in this case.

KRR has cited to a single unpublished opinion, *Kozacky & Weitzel, P.C. v. U.S. Department of Treasury, IRS*, 2008 WL 2188457 (N.D. Ill. April 10, 2008) in its response brief.[1] *Kozacky & Weitzel* is inapposite. In that case, the district court allowed limited discovery only *after* defendant had filed its motion for summary judgment. *Kozacky & Weitzel, P.C. v. U.S. Department of Treasury, IRS*, 2008 WL 2188457, *7 (N.D. Ill. April 10, 2008). In addition, the district court in the *Kozacky & Weitzel* decision denied plaintiff's request to proceed with discovery on issues other than whether the IRS had diligently searched its records prior to responding a FOIA request. *Id.* Under the rationale of *Kozacky & Weitzel,* KRR's written discovery in this case should not only be stayed, it should be stricken.

The opinion in *Kozacky & Weitzel* actually supports HUD's position, as consistent with the majority of the courts findings that discovery in FOIA cases should take place, if at all, only after

---

[1] A copy of the *Kozacky & Weitzel* slip opinion is attached hereto.

the government moves for summary judgment and submits its memorandum of law and supporting affidavits.  *See, e.g., Military Audit Project v. Casey*, 656 F.2d 724, 751 (D.C. Cir. 1981); *Simmons v. U.S. Dep't of Justice*, 796 F.2d 709, 711-12 (4th Cir. 1986); *Lane v. Department of Interior*, 523 F.3d 1128, 1134-35 (9th Cir. 2008); *Nolan v. Dep't of Justice*, 973 F.2d 843, 849 (10th Cir. 1992); *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993).

      HUD is already scheduled to make its summary judgment submission in this FOIA matter and nothing in KRR's response brief or its pleadings justify a deviation from the general rule against discovery in general and against pre-summary judgment discovery in particular.  This court should stay therefore stay discovery as unwarranted and premature.

**Conclusion**

For the reasons previously stated, the court should stay discovery at least until the agency has moved for summary judgment and the court can determine whether *any* discovery should be permitted.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

        By: s/ Ernest Y. Ling
            ERNEST Y. LING
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 353-5870
            ernest.ling@usdoj.gov

Of Counsel:

GERALD ALEXANDER
Assistant General Counsel
Office of General Counsel
United States Department of Housing and Urban Development
451 Seventh Street, SW
Washington, DC 20410
(202) 402-5031