Westlaw.

Slip Copy                                                                                                    Page 1
Slip Copy, 2008 WL 2188457 (N.D.Ill.), 101 A.F.T.R.2d 2008-1911, 2008-1 USTC P 50,315
2008 WL 2188457 (N.D.Ill.)

Kozacky & Weitzel, P.C. v. U.S. Dept. of Treasury, I.R.S.
N.D.Ill.,2008.

United States District Court,N.D. Illinois,Eastern Division.
KOZACKY & WEITZEL, P.C., Plaintiff,
v.
UNITED STATES of America, DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Defendant.
**No. 07 C 2246.**

April 10, 2008.

John M Sheldon, Paul J. Kozacky, Kozacky & Weitzel, P.C., Chicago, IL, for Plaintiff.
Gerald Alan Role, United States Department of Justice, Washington, DC, for Defendant.

***MEMORANDUM OPINION AND ORDER***

MATTHEW F. KENNELLY, District Judge.
**\*1** Kozacky & Weitzel, P.C. (K & W) has sued the Internal Revenue Service (IRS) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking an order enjoining the agency from withholding records and directing the production of any records improperly withheld. The IRS has moved for summary judgment, asserting that it has produced to K & W all non-exempt documents responsive to K & W's FOIA request. K & W thereafter moved for an extension of time to respond to the IRS's motion for summary judgment so that it may engage in discovery, and it moved to compel the IRS to respond to K & W's discovery requests and produce of a *Vaughn* index. For the following reasons, the Court grants K &

W's motion for a *Vaughn* index and grants in part its motion to compel discovery.

**Facts**

On November 3, 2006, the IRS issued letters to Rodney R. Kirby and Heidi M. Kirby informing them that their 2003 and 2004 tax returns had been selected for audit. On December 28, 2006, K & W, on behalf of the Kirbys, submitted a FOIA request to the IRS, requesting "[a]ll documents prepared and/or considered by the Department of the Treasury that led to the November 3, 2006 letters to Rodney R. and Heidi M Kirby ... alleging they participated in a 'tax shelter transaction' and/or an 'abusive transaction.' " Compl. ¶ 8. On January 30, 2007, the IRS responded by producing a copy of the Kirbys' files for tax years 2003 and 2004. On February 7, 2007, K & W made a second FOIA request to the IRS for documents "that may indicate reasons why Rodney R. and Heidi M Kirby were accused of such transactions, including but not limited to documents signed by the IRS officials concerning generally the subject of the aforestated 'tax shelter transactions' and or 'abusive transactions.' " *Id.* ¶ 13.On March 9, 2007, the IRS informed K & W that it would be unable to respond during the statutory period of time for FOIA requests and extended its response time to March 28, 2007.

K & W filed this suit on April 24, 2007. On August 20, 2007, Gerald Role, an attorney in the Department of Justice's Tax Division, sent a letter to K & W stating that an additional ninety-five pages of documents had been located. The letter explained that the IRS was releasing ten redacted pages and two unredacted pages and was withholding the remaining pages under certain FOIA exemptions. On October 15, 2007, the IRS moved for summary judgment, attaching declarations from Margaret Keller, an IRS employee who processes FOIA requests, Melissa C. Quale, an IRS attorney who handles FOIA lawsuits, and Role. The three declarations explained the

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2008 WL 2188457 (N.D.Ill.), 101 A.F.T.R.2d 2008-1911, 2008-1 USTC P 50,315
2008 WL 2188457 (N.D.Ill.)

processing of K & W's FOIA request. Additionally, Quale stated in her declaration that the withheld documents fell under certain FOIA exemptions. In response to the IRS's summary judgment motion, K & W filed the present motion for extension of time and to compel production of a *Vaughn* index and discovery.

**Discussion**

**1. *Vaughn* Index**

**\*2** Under FOIA, the Court is authorized to "enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). FOIA reflects "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Dep't of Air Force v. Rose,* 425 U.S. 352, 360-61, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976).

The exemptions provided in FOIA are construed narrowly, to provide as much access to documents as is feasible and safe for the government to do. *Id.* at 823. "When the Government declines to disclose a document the burden is upon the agency to prove *de novo* in trial court that the information sought fits under one of the exemptions to the FOIA." *Vaughn v. Rosen,* 484 F.2d 820, 823 (D.C.Cir.1973). In determining whether the agency has met its burden, the court must decide whether its declarations provide the court with "an adequate factual basis" for determining whether the documents withheld truly fall within one of FOIA's exemptions. *Patterson v. IRS,* 56 F.3d 832, 836 (7th Cir.1995). Affidavits that do nothing more than categorically describe withheld information as falling into a particular exemption category are inadequate. *Id.*

In seeking summary judgment, the IRS argues-relying on Quale's declaration-that the withheld documents fell under certain FOIA exemptions. K & W argues that Quale's

declaration does not adequately explain her conclusions that the documents are exempt from disclosure and is therefore insufficient to permit the Court to make an informed ruling regarding the applicability of the claimed exemptions. K & W argues that the Court should require the IRS to produce a so-called *Vaughn* index to facilitate determination of the applicability of the claimed FOIA exemptions.

The term "*Vaughn* index" derives from the D.C. Circuit's decision in the *Vaughn* case. In *Vaughn,* the court expressed its concern that under then-prevailing procedures in FOIA cases, a party seeking disclosure was effectively helpless to controvert the government's assertion that information was exempt from disclosure, because it was forced to argue in the blind, often in response to conclusory governmental claims of exemption from disclosure. This, in turn, left it to the reviewing court to conduct its own investigation, a questionable procedure in a system accustomed to adversary presentations. *Vaughn,* 484 F.2d at 823-26.

As a result, the court developed what is now known as the *Vaughn* index, an itemizing and indexing system that correlates each portion of any document withheld with the government's reason for withholding it. "In preparing a *Vaughn* Index, an agency must list the title of the document or category of documents, the date of the document, the author and recipient(s), a detailed factual description of the document, and the statutory exemption the agency is claiming to support nondisclosure." *Becker v. IRS,* 34 F.3d 398, 401 n. 9 (7th Cir.1994). The *Vaughn* index is used with or in lieu of government affidavits supporting a claim of exemption when the affidavits lack specificity sufficient to allow the Court to determine whether withheld documents are exempt from disclosure. *See Vaughn,* 484 F.2d at 826-27.

**\*3** There is no *per se* rule requiring the filing of a *Vaughn* index in FOIA cases; determination of whether to compel a *Vaughn* index requires a case-by-case analysis of the information produced by the agency in response to a FOIA

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2008 WL 2188457 (N.D.Ill.), 101 A.F.T.R.2d 2008-1911, 2008-1 USTC P 50,315
2008 WL 2188457 (N.D.Ill.)

request. *Becker,* 34 F.3d at 402. When the government's affidavits provide sufficient information for the court to evaluate the exemption claims, a *Vaughn* index is not required. *Wright v. OSHA,* 822 F.2d 642, 646-48 (7th Cir.1987)."The agency need only provide sufficient information to allow a court to review the agency's claimed exemption."*Id.* at 646.

To support the withholding of parts or all of particular documents, the IRS relies on the declaration of IRS attorney Melissa Quale. Quale states that the documents numbered 578 through 683 were withheld based on FOIA exemption (b)(3), exemption (b)(5), or both. Quale Decl. ¶¶ 9-20.

**a. Documents Withheld under Exemption (b)(3)**

The IRS has withheld certain documents under FOIA exemption (b) (3) in conjunction with 26 U.S.C. § 6103(a), a provision of the Internal Revenue Code that shields from disclosure certain information regarding third-party taxpayers. Exemption (b)(3) states that disclosure is not required of information

specifically exempted from disclosure by statute (other than section 552(b) of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). It has long been held that section 6103(a) qualifies as an exempting statute under exemption (b)(3).*See King v. IRS,* 688 F.2d 488, 496 (7th Cir.1982); *see also, Church of Scientology v. IRS,* 484 U.S. 9, 11, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987).

Under section 6103(a), "[r]eturns and return information

shall be confidential."26 U.S.C. § 6103(a). A "return" is any tax or informational return or other similar document filed with the IRS. *Id.* § 6103(b)(1). "Return information" is defined as:

a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense....

*Id.* § 6103(b)(2)(A).

Quale states that "the [IRS] withholds [documents] 000578-000585, 000595, 000607, and 000616-000619 in full and [documents] 000586-000594, 000596-000606, and 000645-000683 in part pursuant to FOIA exemption (b)(3) in conjunction with [26 U.S.C. § ] 6103(a) because the information is the return information of taxpayers other than the plaintiff (third-party taxpayers)." Quale Decl. ¶ 9. Quale does not get a great deal more specific than that in her description of the documents withheld. Rather, she describes the documents only in general terms, stating as follows:

**\*4** - document 578-579 is a "flowchart showing relationships between third-party promoters and investors";

- document 580-585 is an "(2) email from a third-party taxpayer representative with attachments pertaining to protective lists as provided by Treas. Reg. §

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                 Page 4
Slip Copy, 2008 WL 2188457 (N.D.Ill.), 101 A.F.T.R.2d 2008-1911, 2008-1 USTC P 50,315
2008 WL 2188457 (N.D.Ill.)

301.6112-1(e)(3)(i), for distressed asset/debt transactions,"

- document 586-594 is an "attachment to email from third-party taxpayer representative containing protective list of investors in distressed assets/debt transaction [sic]";

- document number 595 is another third-party taxpayer representative email "discussing protective list for an additional transaction"

- document 596-604 is a "protective list and privilege statement submitted by third-party taxpayer representative for distressed asset/debt transaction"

- document 605-606 is an "internal memorandum discussing team assigned to distressed asset/debt transactions containing names of several third-party taxpayer promoters";

- document 607 is a "letter from IRS to third-party taxpayer requesting production of protective list";

- document 616 is an "internal email requesting information about a third-party taxpayer promoter and its distressed asset/debt transactions";

- and document 617-618 is an "email exchange between IRS employees discussing possible distressed asset/debt case and its promoter."

Quale Decl. ¶ 10.

These explanations are too curt to permit the court to determine whether the documents are fully exempt or could appropriately be produced in redacted form, that is, after redacting any return information protected under 26 U.S.C. § 6103(a). In addition,, no explanation is provided for why the identity of a "promoter"-who would seem not to be a taxpayer as such-constitutes "return information" (the Court notes that this likewise is not explained in the IRS's summary judgment motion).

Under FOIA, " 'any reasonable segregable portion of the record' must be disclosed."*Patterson,* 56 F.3d at 840 (quoting 5 U.S.C. § 552(b); citing *PHE, Inc. v. Dep't of Justice,* 983 F.2d 248, 252 (D.C.Cir.1993)* ("non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions")). In her declaration, Quale makes one generalized blanket statement concerning segregability, concerning all documents the IRS has withheld in their entirety: "I conclude that the Service has withheld in their entirety only those documents that fall within a FOIA exemption, or those documents wherein the portions exempt from disclosure under FOIA are so inextricably intertwined with nonexempt material as to be non-segregable."Quale Decl. ¶ 3. This "type of 'general conclusion' about the segregability of the exempt information [is] inadequate."*Patterson,* 56 F.3d at 840 (citing *Church of Scientology Int'l v. U.S. Dep't of Justice,* 30 F.3d 224, 231 (1 st Cir.1994) (focusing on whether the declarations demonstrate careful scrutiny of each document by the government)). To put it another way, a categorical description of this type is insufficient to enable the requesting party to address, and the Court to determine, whether any or all of the withheld documents can and should be produced in redacted form. *Id.* at 836.A *Vaughn* index is needed to aid the court in determining whether the documents truly fall, in their entirety, within the cited exemption.

**b. Documents Withheld under Exemption (b)(5)**

**\*5** The IRS claims documents numbered 620-644 are exempt from disclosure under FOIA exemption (b)(5), which provides that disclosure is not required of

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2008 WL 2188457 (N.D.Ill.), 101 A.F.T.R.2d 2008-1911, 2008-1 USTC P 50,315
2008 WL 2188457 (N.D.Ill.)

"inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The purpose of exemption (b)(5) is to insure that frank and open discussions of legal and policy matters are not inhibited by a fear of those deliberations being made public, which could, in turn, negatively affect the quality of those decisions. *See NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). The exemption covers "all papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be," such as advisory opinions and recommendations. *Id.* at 153.

Exemption (b)(5) exempts from disclosure documents that are protected from civil discovery under, among other things, the deliberative process privilege. *See King v. IRS,* 684 F.2d 517, 519 (7th Cir.1982) (citing *EPA v. Mink,* 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). The exemption is narrowly construed; "for this privilege to apply, the document must be 'pre-decisional' and 'deliberative.' " *Becker,* 34 F.3d at 403. The government bears the burden of proving the deliberative process that was involved and the role the document played in that process. *Id.*

In a single sentence of her declaration, Quale states that these twenty-five pages are an "unreviewed draft outline of points for consideration used internally by IRS employees working on distressed asset/debt transactions." Quale Decl. ¶ 19. The Court cannot determine, based on this statement, that these pages are both "pre-decisional" and "deliberative" or, as discussed in the previous section, whether there are segregable parts of the document that could be disclosed. As a result, there is a need for further explanation so K & W can address the government's claim and the Court can make an informed decision.

**c. Other Withheld Documents**

The IRS argues that the documents numbered 608-615 are appropriately withheld in full because they fall under both exemptions (b)(3) and (b)(5). Quale describes these documents as "email exchanges between numerous employees discussing the treatment of several distressed asset/debt cases where the promoters, third-party taxpayers, are under examination." Quale Decl. ¶ 14. For the same reasons described earlier, this description is insufficient to permit the court to make an informed decision as to whether these documents, in their entirety, actually fall within the claimed exemptions.

Quale also states that document 605-606 is exempt under 26 U.S.C. § 6103(a), describing these document as an "internal memorandum discussing team assigned to distressed asset/debt transactions containing names of several third-party taxpayer promoters." Quale Decl. ¶ 10. Because the document was actually produced, in its entirety, as an attachment to Tax Division attorney Gerald Role's August 20, 2007 letter, the Court is able to review the validity of the IRS's claim of exemption. *See* Pl.Ex. B at 11-12. Based on the Court's review, only small portions of the document even arguably contain third-party information, and (as noted earlier) it is unclear whether these few words-which appear to identify alleged tax shelter promoters, not taxpayers as such-constitute appropriately-withheld "return information" within the meaning of § 6103(b)(2)(A). This document should not have been withheld in its entirety. The fact that the IRS withheld it from production gives rise to a legitimate question regarding whether the IRS has, with regard to the other documents involved in this case, done what FOIA requires.

**\*6** Finally, document 619 does not appear to be described anywhere in Quale's declaration, which prevents the Court from determining whether it properly falls under any FOIA exemption.

In sum, due to the inadequacy of the affidavits submitted by the IRS, a *Vaughn* index is required to enable K & W to argue the case adequately and to permit the Court to

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

determine (either with or without *in camera* inspection) whether the documents are appropriately withheld under the claimed exemptions. *Vaughn* "requires the government to list the title of the document or category of documents, the date of the document, the author and recipient, a detailed factual description of the document, and the statutory exemption claimed by the agency to support nondisclosure." *Patterson,* 56 F.3d at 839 n. 11. The government should also address the issues of segregability and redaction, and it should be prepared to produce the documents in question for *in camera* inspection by the Court.

**2. Discovery**

K & W contends discovery is warranted "to determine whether an adequate initial search was conducted, whether adequate subsequent searches were conducted, whether the withheld documents are truly exempt from disclosure, and whether declarations submitted by the IRS in support of its motion for summary judgment are sufficient." Pl. Mot. at 9. K & W requests that the IRS be compelled to answer the interrogatories that K & W served on July 13, 2007.

The IRS argues that discovery is generally inappropriate in FOIA cases and is impermissible in this case because the Court has not determined the sufficiency of the IRS's declarations. The IRS argues that K & W's discovery requests are aimed at finding the reasons its clients were audited, which the IRS contends is impermissible in a FOIA action.

To decide whether further discovery is warranted, the Court must determine whether the IRS conducted a reasonable search for documents in response to K & W's FOIA request. *Patterson,* 56 F.3d at 841. As the Seventh Circuit has stated,

[t]he issue is *not* whether other documents may exist,

but rather whether the search for undisclosed documents was adequate.... The adequacy of the document search is judged under a reasonableness standard. The agency may rely on reasonably detailed nonconclusory affidavits submitted in good faith to support their claims of compliance.

*Becker,* 34 F.3d at 405-06 (emphasis in original) (internal quotation marks omitted).

The history of the case suggests that the IRS may have made a less-than diligent effort to respond to K & W's FOIA requests. In response to K & W's first FOIA request, the IRS's search "was limited to the information contained in the Kirby's individual files." Keller Decl. ¶ 7. Only upon further inquiry by K & W did the IRS advise K & W that "requests seeking information not contained within the Kirby's individual files, but about a national tax shelter initiative should be directed to the Baltimore, Maryland Disclosure Officer (Baltimore Office)." *Id.* Then, in response to K & W's second FOIA request, the IRS determined that the request was too vague and that the request "should be closed as imperfect," at which point the IRS requested more detailed information from K & W. *Id.* ¶¶ 12-14. Finally, after K & W filed this suit, the IRS received information about the names of people who "may have information responsive to the Second FOIA Request." *Id.* ¶ 16.

**\*7** One might reasonably infer from this sequence of events that continuous prodding was required to get the IRS to conduct a search for responsive documents. One might also reasonably question whether the search that was done after the filing of this case was reasonable or half-hearted and done only so the IRS could appear responsive. For these reasons, the Court will require the IRS to answer those interrogatories that are directed to the adequacy of its search, as answers may help illuminate whether the IRS has done what FOIA requires.

That said, most of K & W's interrogatories go beyond the

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2008 WL 2188457 (N.D.Ill.), 101 A.F.T.R.2d 2008-1911, 2008-1 USTC P 50,315
2008 WL 2188457 (N.D.Ill.)

scope of what is appropriate in discovery in a FOIA suit. Interrogatories 2 through 4 and 8 through 13 concern the appropriateness of deductions claimed by the Kirbys and are thus inappropriate because "[the plaintiff] cannot use FOIA discovery to conduct an investigation into the IRS' rationale for [an] audit." *Flowers v. IRS,* 307 F.Supp.2d 60, 72 (D.D.C.2004). Interrogatories 16 and 19 likewise appear, as best as the Court can determine, to concern statements in the IRS's answer to allegations in the complaint involving matters of underlying tax policy that are not, in the Court's view, pertinent to the FOIA disclosure and exemption issues involved in this case. Interrogatories 5 through 7 concern the IRS's contention that the Kirbys are not eligible for attorney's fees and costs should they prevail; the Court will not require an answer to these interrogatories because they involve a matter more appropriately taken up if and when the Kirbys prevail in the case. Interrogatories 14 and 18 seek clarification of the IRS's responses to particular paragraphs of the complaint, responses that are, in the Court's view, clear enough that further elaboration is not required. Finally, interrogatory 20 seeks clarification of the IRS's lack-of-information denial of a rather argumentative allegation in K & W's complaint in this case regarding alleged "harassment" of taxpayers; in the Court's view, further clarification of the IRS's statement that it lacks sufficient information to respond to certain parts of this paragraph is either unnecessary, or inappropriate as part of a FOIA case, or both.

The remaining interrogatories-15, 17, 21, and 22-each concern the nature and adequacy of the IRS's search(es) for documents following K & W's FOIA requests. The Court directs the IRS to answer these interrogatories, as an answer may help illuminate whether the IRS has done what FOIA requires.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion to compel production of *Vaughn* index and grants in part its motion to compel discovery [docket nos. 18 & 20]. The Court directs defendant to answer plaintiff's interrogatories 15, 17, 21, and 22, and to produce a *Vaughn* index, by May 15, 2008. Defendant's motion for summary judgment is terminated without prejudice [docket no. 15], as it is clear that the basis for any such motion will be altered by the disclosures the Court has ordered. The case is set for a status hearing on May 22, 2008 at 9:30 a.m.

N.D.Ill.,2008.
Kozacky & Weitzel, P.C. v. U.S. Dept. of Treasury, I.R.S.
Slip Copy, 2008 WL 2188457 (N.D.Ill.), 101 A.F.T.R.2d 2008-1911, 2008-1 USTC P 50,315

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.